**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JODIE MOSCONY | : | CIVIL ACTION |
|     Plaintiff | | |
| | | |
| v. | : | |
| | | |
| LIFE INSURANCE COMPANY OF | : | |
| NORTH AMERICA and IDEXX | | |
| LABORATORIES, INC. | | |
|     Defendants | | |

**COMPLAINT**

Plaintiff, Jodie Moscony, hereby brings a civil action against Defendants, Life Insurance Company of North America and IDEXX Laboratories, Inc., based on the following:

THE PARTIES

1. Plaintiff Jodie Moscony (hereinafter "Plaintiff"), an individual, is a citizen of the State of Connecticut.

2. Defendant Life Insurance Company of North America (hereinafter "CIGNA") is an insurance company incorporated in the Commonwealth of Pennsylvania with a principal place of business at 1601 Chestnut Street, Philadelphia, Pennsylvania. Defendant is authorized to transact the business of insurance in this state.

3. Defendant IDEXX Laboratories, Inc. (hereinafter "IDEXX") is a Delaware corporation with a principal place of business at One IDEXX Drive, Westbrook, Maine.

4. At all times material hereto, Plaintiff was employed by IDEXX as a Veterinary Diagnostic Consultant II and, pursuant to Plaintiff's employment, Plaintiff was eligible to receive benefits pursuant to a Group Short Term Disability Plan (hereinafter

the "PLAN").

5. This Court has jurisdiction pursuant to the Employment Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1132(a).

6. Venue is proper in this matter pursuant to 28 U.S.C. § 1391(b)(2) in that, at all times material hereto, a substantial part of the events or omissions giving rise to this lawsuit occurred within the State of Connecticut. Venue is also proper in this matter pursuant to 29 U.S.C. § 1132 (e)(2) in that the breach took place within the State of Connecticut.

7. Upon information and belief, the PLAN is an employee welfare benefit plan as defined by and governed under and pursuant to the Employee Retirement and Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").

8. At all times material hereto, Defendants acted by and through their agents, servants and employees who acted within the scope of their authority from Defendants.

9. Defendant IDEXX is the Plan Administrator of the PLAN.

10. At all times material hereto, Defendant CIGNA was chosen by IDEXX to serve as the Claim Administrator to review claims for benefits provided under the PLAN, as provided for by ERISA.

## FACTS

11. At all times material hereto, Plaintiff was an employee of IDEXX and was a participant in the PLAN, as defined by ERISA, 29 U.S.C. § 1002(7).

12. At all times material hereto, Plaintiff was employed by IDEXX as a Veterinary Diagnostic Consultant II. Plaintiff's primary responsibility was in sales of equipment and consumables.

13. At all material times hereto, Plaintiff worked out of, and communicated with Defendants from, her home office in Redding, Connecticut.

14. Plaintiff was diagnosed with a Disability as defined under the PLAN.

15. Plaintiff applied for disability benefits under the PLAN through Defendant CIGNA.

16. Under the PLAN, Defendants promised to pay disability benefits as long as an employee satisfies the Elimination Period, is under the Appropriate Care of a Physician, and meets all the other terms and conditions of the PLAN. The employee also must provide satisfactory proof of Disability before benefits will be paid.

17. The policy defined "Disability" or "Disabled" as: "1) unable to perform all the material duties of your Regular Occupation, and 2) unable to earn 80% or more of your Covered Earnings from working in your Regular Occupation."

18. On October 3, 2018, Defendant CIGNA approved Plaintiff under the PLAN with a date of disability of September 11, 2018 and benefits for a six-week period from September 18, 2018 through November 2, 2018.

19. Defendants CIGNA and IDEXX communicated with Plaintiff, and with each other, concerning Plaintiff's claim.

20 At the end of the initial six-week period, Plaintiff remained Disabled as defined under the PLAN and she applied for an additional period of disability benefits.

21. On November 28, 2018, Defendant CIGNA notified Defendant IDEXX that it denied Plaintiff's claim for benefits "due to medical information not supporting disability for own occupation as of November 28, 2018." CIGNA also stated that it notified Plaintiff of its denial when, in fact, Plaintiff was not notified until weeks later.

22. In a denial letter to Plaintiff dated November 29, 2018, Defendant CIGNA acknowledged that it had documentation that Plaintiff was unable to regulate her sleep schedule. CIGNA went on to state that the "information on file did not document a functional impairment of a severity to preclude [Plaintiff] from performing the material duties of [her] occupation beyond November 2, 2018."

23. Plaintiff appealed Defendant CIGNA's denial of benefits through the procedures set forth under the PLAN, including the submission of additional documentation from Plaintiff's medical providers.

24. On December 18, 2018, Defendant CIGNA notified Defendant IDEXX that it denied Plaintiff's claim for benefits "due to medical information not supporting disability for own occupation as of November 28, 2018." In a letter of the same date, CIGNA acknowledged to Plaintiff the additional medical information supporting Plaintiff's sleep condition while denying Plaintiff's benefits.

25. Plaintiff again appealed Defendant CIGNA's denial of benefits through the procedures set forth under the PLAN, including the submission of additional documentation from Plaintiff's medical providers that contained clinical evidence that Plaintiff was unable to perform her occupation prior to December 19, 2018.

26. On December 19, 2018, Plaintiff's physician released Plaintiff to return to work with accommodations.

27. Despite the release to return to work, Defendant CIGNA requested that Plaintiff provide medical documentation of Plaintiff's medical condition after December 19, 2018 to support her claim of disability prior to December 19, 2018.

28. On April 18, 2019, Defendant CIGNA notified Plaintiff that it scheduled a

medical review of Plaintiff's file to determine whether Plaintiff satisfied the definition of Disability under the PLAN.

29. In a denial letter of April 23, 2019 to Plaintiff, Defendant CIGNA summarized the review of its appointed neurologist and neuropsychologist who both opined that there was no evidence to support a functional impairment. In their reviews, both specialists ignored or misstated Plaintiff's medical record.

30. Plaintiff again appealed Defendant CIGNA's denial of benefits through the procedures set forth under the PLAN, including the submission of additional documentation from Plaintiff's medical providers.

31. On or about June 25, 2019, Defendant CIGNA denied Plaintiff's disability benefits appeal for the fourth time.

32. Defendants' repeated unauthorized contacts with Plaintiff's medical providers caused delays and negatively impacted Plaintiff's ability to provide the necessary documentation to support her claim.

33. Defendants' decisions to deny benefits were wrong under the terms of the PLAN.

34. Defendants' conduct was arbitrary and capricious with respect to both their claims and decision making processes, and their decision to deny benefits was not supported by substantial evidence in the record.

35. As a direct and proximate result of the aforementioned conduct of Defendants in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the PLAN.

36. All avenues of appeal have been exhausted and this matter is now

properly before this Court for judicial review.

WHEREFORE, Plaintiff, Jodie Moscony, herein requests that this Court grant her the following relief:

1. Judgment be entered in her favor and against Defendants;

2. Damages in the amount equal to the disability income benefits to which she is entitled;

3. Prejudgment and postjudgment interest;

4. Reasonable attorney's fees and costs; and

5. Any other such relief as this Court deems deems appropriate.

Respectfully Submitted,

PLAINTIFF JODIE MOSCONY

By:_____/s/_____
Catherine L. Creager, Esq.
Coles, Baldwin, Kaiser & Creager, LLC
1 Eliot Place, 3rd Floor
Fairfield, CT 06824
Tel. (203) 319-0800
Fax (203) 319-1210
Email:  ccreager@cblaw.net
Juris No. ct23645